**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MEHRDAD AFSARI,<br>Petitioner,<br>v.<br>JEREMY CASEY,<br>Respondent. | Case No. 26-cv-04722-BAS-JLB<br>**ORDER DENYING AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 17)** |

Petitioner Mehrdad Afsari brings an Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, claiming he has faced an unreasonably prolonged detention without an adequate bond hearing. (ECF No. 17.) The Government responds, arguing: (1) Petitioner is subject to mandatory detention under § 1225; (2) Petitioner's arguments are barred by § 1252(g); (3) although Petitioner is subject to mandatory detention, he received three bond hearings; and (4) Petitioner failed to exhaust his administrative remedies by not appealing these three denials of bond. (ECF No. 23.) Petitioner files a Traverse. (ECF No. 24.)

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or Federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis,* 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II. STATEMENT OF FACTS

Petitioner entered the United States on July 4, 2025, without legal status, and was immediately detained by U.S. Border Patrol. (ECF No. 23, Ex. 2.) On November 10, 2025, the Department of Homeland Security ("DHS") filed a notice that Petitioner was a class member subject to the permanent injunction imposed by the Central District of California in *Franco-Gonzalez v. Holder*, No. CV-10-02211 DMG (DTBx), 2014 WL 5475097 (C.D. Cal. Oct. 29, 2014). (ECF No. 23, Ex. 3.) This injunction required a competency inquiry.

Dr. Jones thus completed a forensic competency inquiry, which was provided to the Immigration Judge. (ECF No. 17, Ex. E.) In that report, Dr. Jones concluded Petitioner was malingering. (*Id.*) Furthermore, Dr. Jones found that Petitioner "does not have a psychiatric diagnosis/condition that impacts his functioning." (*Id.*) Finally, Dr. Jones concluded Petitioner has no condition that prevented him from "either understanding the proceedings or acting in his best interest." (*Id.*) Therefore, in Dr. Jones's opinion, Petitioner was "competent to represent himself during immigration proceedings." (*Id.*)

On February 12, 2026, the Immigration Judge adopted Dr. Jones's conclusions and found Petitioner competent to represent himself. (ECF No. 17, Ex. F.) Throughout Petitioner's immigration proceedings, an Immigration Judge held three separate bond hearings on January 7, 2026; June 16, 2026; and October 2, 2026. (ECF No. 23, Exs. 4–6.) At each of those hearings, Petitioner represented himself, and at each of those hearings, the Immigration Judge found Petitioner was a flight risk and should not be released on bond. (*Id.*)

On May 14, 2026, an Immigration Judge ordered Petitioner removed to Iran, his country of origin. (ECF No. 23, Ex. 8.) Petitioner has appealed that ruling, and that appeal remains pending. (ECF No. 23, Ex. 9.)

## III. ANALYSIS

### A. Section 1252(g)

All parties agree that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). However, Petitioner argues that his due process rights have been violated because he has been subject to unreasonably prolonged detention without an adequate bond hearing. Petitioner claims his three bond hearings were inadequate because he has never been properly evaluated to determine if he is competent to represent himself during these bond proceedings. (ECF No. 17.) The Government argues that the Court is foreclosed from considering this argument by 8 U.S.C. § 1252(g).

Section 1252(g) states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."

The general rule is to "'resolve any ambiguities in a jurisdiction-stripping statute [such as Section 1252(g)] in favor of the narrower interpretation,' and by the 'strong presumption in favor of judicial review.'" *Ibarra-Perez v. United States*, 154 F.4th 989, 995 (9th Cir. 2025) (quoting *Arce v. United States*, 899 F.3d 796, 801 (9th Cir. 2018)). Thus, the Supreme Court has ruled Section 1252(g) applies only to three discrete actions: commencing proceedings, adjudicating cases, or executing removal orders. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999). "Instead of 'sweep[ing] in any claim that can technically be said to arise from the three listed actions,' the provision 'refers to just those three specific actions themselves.'" *Ibarra-Perez*, 154 F.4th at 995 (alteration in original) (quoting *Jennings v. Rodriguez,* 583 U.S. 281, 294 (2018)). "There are of course many other decisions or actions that may be part of the deportation process . . ." that are not one of these three. *See Reno*, 525 U.S. at 482 (listing possibilities).

Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Ibarra-Perez*, 154 F.4th at 997.

In this Petition, Petitioner is not contesting the commencement or adjudication of removal proceedings against him, nor is he raising an issue with respect to the execution of removal. His bond hearings may be during, but are nonetheless independent of, the removal proceedings. Thus, this Court is not stripped of jurisdiction by Section 1252(g).

**B. Arbitrary or Unreasonably Prolonged Detention**

The Court agrees that immigration detention without a bond hearing can be deemed arbitrarily or unreasonably prolonged and thus a violation of the detainee's due process rights. *See, e.g.*, *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so.").

However, in this case, Petitioner received three bond hearings. And at each of those bond hearings, an Immigration Judge found Petitioner posed a flight risk and should not be released. Petitioner claims he "does not ask this Court to enforce the *Franco-Gonzalez* injunction, to construe it, or to review the Immigration Judge's competency determination." (ECF No. 17 at 13.) However, in fact, he does so. Relying on a report submitted by Dr. Shibley, he asks this Court to find that Dr. Jones's forensic evaluation was insufficient and that, therefore, Petitioner's bond hearings were insufficient. (ECF No. 17, Ex. H.) Petitioner failed to appeal any of the three bond hearings on this ground. As such, the Court agrees with the Government that Petitioner failed to exhaust his administrative remedies.

"Administrative exhaustion can be either statutorily required or judicially imposed as a matter of prudence." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Although Section 2241 does not specifically require a petitioner to exhaust administrative remedies before seeking habeas relief, "[n]onetheless, 'we require, as a prudential matter, that habeas petitioners exhaust available judicial . . . remedies before seeking relief under § 2241.'"

*Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004) (quoting *Castro-Cortez v. INS,* 239 F.3d 1037, 1047 (9th Cir. 2001)); *see also Puga*, 488 F.3d at 815 ("[P]rudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional."). "Lower courts are, thus, not free to address the underlying merits without first determining the exhaustion requirement has been satisfied or properly waived." *Laing*, 370 F.3d at 998. Grounds for waiving exhaustion include finding that: (1) administrative remedies "are inadequate or not efficacious," (2) exhaustion "would be a futile gesture," (3) "irreparable injury will result" if petitioner is required to exhaust administrative remedies, or (4) "administrative proceedings would be void." *Id.* at 1000.

Petitioner in this case has failed to exhaust his administrative remedies. He had the option to appeal any one of his three bond denials to the Board of Immigration Appeals ("BIA") and to argue that the denial was improper because Dr. Jones's medical opinion was flawed. However, he has failed to do so. Although this is a prudential requirement, requiring appeal to the BIA makes sense. The BIA is there for a reason—it provides agency expertise helpful to determine whether bond in a given case is warranted. If, as Petitioner argues, the Immigration Judge should have discounted the expert opinion of Dr. Jones, appealing to the BIA allows the agency to correct its own mistakes and preclude the need for judicial review. And finally, direct appeal to the district court encourages deliberate bypass of an administrative scheme. *See Puga*, 488 F.3d at 815 (listing reasons for requiring administrative exhaustion). Petitioner fails to argue any grounds for waiving the requirement. Thus, the Court finds appeal to the BIA is a necessary prerequisite in this case before it may consider any error on the part of the Immigration Judge.

## IV. CONCLUSION

Petitioner has not been detained for an unreasonably or arbitrarily prolonged period without a bond hearing. In fact, he has received three bond hearings. To the extent he is claiming those bond hearings were flawed because the Immigration Judge improperly relied on Dr. Jones's medical opinion and thus Petitioner should not have been required to represent himself, he must exhaust his administrative remedies instead of appealing the

denial of bond directly to this Court. Therefore, the Court **DENIES** the Amended Petition. (ECF No. 17.) The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: November 17, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**